UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GARCIA,<br>        Petitioner,<br>   v.<br>P. CAVALLO,<br>        Respondent. | Case No. 20-cv-04167-WHO (PR)<br><br>**ORDER REOPENING ACTION;**<br>**ORDER TO SHOW CAUSE;**<br>**INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Petitioner David Garcia seeks federal habeas relief from his state convictions for the sexual assault of a child. The first amended petition for habeas relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The first amended petition states cognizable claims. Accordingly, on or before **June 12, 2023**, respondent shall file an answer or a dispositive motion in response to the amended habeas petition. The petition discloses that Garcia was convicted in 2011. (Am. Pet., Dkt. No. 12 at 1.) He filed the current petition in 2020, which is beyond the 1-year filing limit imposed by AEDPA. If respondent concludes that this habeas action is untimely, he may wish to file a motion to dismiss the action on such grounds, though he is not required to do so.

This federal habeas action was dismissed because Garcia failed to pay the filing fee or file an application to proceed *in forma pauperis*. (Dkt. No. 7.) Since dismissal, Garcia has paid the filing fee and filed an amended petition. (Dkt. Nos. 11 and 12.) Accordingly, this federal habeas action is REOPENED. The Clerk is directed to modify the docket to

reflect this. The judgment and the order of dismissal are VACATED.

## BACKGROUND

According to petitioner's filings, in 2011 in the Santa Clara County Superior Court, Garcia pleaded no contest to charges of (i) aggravated sexual assault of a child under fourteen, to include oral copulation and sexual penetration (Cal. Penal Code § 269; and (ii) lewd and lascivious act on a child by force, violence, duress, menace, and fear (Cal. Penal Code § 288(b)(1)). (Pet., Probation Officer's Report, Dkt. No. 1-3 at 2.) A sentence of 15 years to life, plus eight months, was imposed. (Am. Pet., State Appellate Petition, Dkt. No. 12-1 at 134.) His attempts to overturn his convictions in state court were unsuccessful. This federal habeas petition followed.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Garcia alleges that (1) trial counsel rendered ineffective assistance; (2) appellate counsel rendered ineffective assistance; and (3) he is actually innocent.

When liberally construed, Claims 1 and 2 are cognizable and shall proceed. Claim 3, his claim of actual innocence, can proceed only (i) as it relates to an error at trial; and (ii) as a basis to excuse the 1-year statute of limitations period imposed by AEDPA. A federal habeas petitioner must tie his actual innocence claim to a constitutional error in the underlying criminal proceedings. "Claims of actual innocence based on newly discovered

2

1  evidence have never been held to state a ground for federal habeas relief absent an
2  independent constitutional violation occurring in the underlying state criminal
3  proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "[S]uch evidence must bear
4  upon the constitutionality of the applicant's detention; the existence merely of newly
5  discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on
6  federal habeas corpus." *Townsend v. Sain*, 372 U.S. 293, 317 (1963). "[A] credible
7  showing of 'actual innocence' under *Schlup v. Delo*, 513 U.S. 298 (1995), excuses the
8  statute of limitations period established by [AEDPA]." *Lee v. Lampert*, 653 F.3d 929, 931
9  (9th Cir. 2011) (en banc). With these standards in mind, Garcia's actual innocence claim
10 can proceed only in the context of his claims of ineffective assistance of counsel and as a
11 basis for excusing AEDPA's statute of limitations.

## CONCLUSION

1. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on petitioner.

2. On or before **June 12, 2023**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **June 12, 2023**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The filing fee has been paid. (Dkt. No. 11.)

**IT IS SO ORDERED.**

**Dated:** March 1, 2023

_____
WILLIAM H. ORRICK
United States District Judge