UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GARCIA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>P. CAVALLO,<br><br>　　　　Respondent. | Case No. 20-cv-04167-WHO (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>Dkt. No. 14 |

## INTRODUCTION

Petitioner David Garcia seeks federal habeas relief from his California state convictions. His petition for such relief is untimely, as pointed out in respondent's unopposed motion to dismiss. Garcia had until July 6, 2012 to file a timely federal habeas petition. He did not file his initial federal petition until 2020 and he did not file his amended petition until 2022. He is not entitled to any statutory tolling because his state habeas petitions were filed after the July 6, 2012 deadline. Also, because Garcia has not responded to the motion, he has not contended or offered support for a contention that he is entitled to equitable tolling. Furthermore, his claim of actual innocence is not supported by new reliable evidence.

The motion to dismiss is GRANTED and the petition is DISMISSED as untimely.

## BACKGROUND

In 2011, Garcia pleaded nolo contendere in the Santa Clara County Superior Court to charges of aggravated sexual assault of a child (Cal. Penal Code § 269) and forcible lewd acts on a child (*id.* § 288(b)(1)).  (Mot. to Dismiss (MTD), State Superior Court Denial of Habeas Petition, Dkt. No. 14 at 32.)  On May 6, 2011, a sentence of fifteen years to life, plus a consecutive sentence of eight years, was imposed.  (*Id.*)  Garcia filed no appeals, (*id.*, Garcia's Habeas Petition to State Appellate Court, Dkt. No. 14 at 13), which means that his conviction became final 60 days after sentencing, on July 5, 2011.  *See* Cal. Rules of Court, Rule 8.308(a).  This means Garcia had until July 6, 2012 to file a timely habeas petition, which is one year after his convictions became final.  28 U.S.C. § 2244(d)(1)(A).  His original federal petition was filed in 2020 and his amended petition in 2022, which is well after the July 6, 2012 deadline.  From 2015 to 2020, Garcia filed habeas petitions in the state superior, appellate, and supreme courts, all of which were denied, and none of which tolled the deadline because they were filed after the July 6, 2012 deadline. (MTD, Dkt. No. 14 at 32, 35, 47, 49, 54, 206.)

This federal habeas action followed those denials.  After I issued an Order to Show Cause regarding the first amended petition, respondent filed the pending motion to dismiss, which is the subject of this Order.  Garcia has filed no response to the motion.

## DISCUSSION

### I.  Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could not have been discovered through

the exercise of due diligence. 28 U.S.C. § 2244(d)(1). This one-year clock starts ticking 90 days after direct state review is final. "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

## II.     Timeliness of the Petition

Garcia had until July 6, 2012 — one year after his state convictions became final — to file a timely habeas petition.[1] The original petition was filed in 2020 and the amended petition was filed in 2022, well after the July 6, 2012 deadline. Both are untimely. Unless Garcia is entitled to statutory or equitable tolling, or an equitable exception, this federal habeas action must be dismissed as untimely.

### A.     Statutory Tolling

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). Because Garcia's state petitions were filed after AEDPA's statute of limitations expired on July 6, 2012, they do not toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

### B.     Equitable Tolling

A federal habeas petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649

---

[1] Garcia is not entitled to the additional 90 days afforded by *Bowen*. Because he did not appeal, he could not petition the United States Supreme Court to review a state supreme court decision on his appeal.

3

1   (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187

2   F.3d 1104, 1107 (9th Cir. 1999)). Equitable tolling is not granted as a matter of course. In

3   fact, it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.

4   2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). "[T]he threshold

5   necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions

6   swallow the rule." *Id.* (citation omitted).

Because Garcia has not filed any response to the motion, he has not contended or offered support for a contention that he has been acting diligently and that some extraordinary circumstance prevented timely filing. Therefore, he has not shown he is entitled to equitable tolling.

### C.   Equitable Exception: Actual Innocence[2]

In his amended petition, Garcia claims "Actual Innocence." (Am. Pet., Dkt. No. 12-1 at 3.) He asserts that he was "forced to plea[d] to a life sentence or accept multiple life sentences at trial." (*Id.*) He also contends that he is not guilty of forcible rape or any other crimes justifying a life sentence and he "can prove there was no kidnapping, force, or any other crimes except sex with a minor pursuant to Penal Code 288." (*Id.*) He alleges that his defense counsel rendered ineffective assistance by failing to prepare for trial, to investigate, to inform Garcia of the "maximum exposure," and to raise any of these issues on appeal. (*Id.* at 4.) In support of his contentions, Garcia appends copies of a 2011 preliminary hearing transcript; a 2011 probation officer's report; part of a 2010 police report; a habeas petition filed in the state appellate court in 2016; and two 2018 declarations, one from Garcia's mother and the other from his aunt. (*Id.*, Dkt. No. 12-1 at 18-106; 108-115; 117-125; 127-148; 150-151.)

---

[2] An equitable exception is distinct from the doctrine of equitable tolling. "[T]he phrase 'equitable tolling' is used in describing the use of equitable power to allow the untimely filing of a habeas petition in an actual innocence case. The more accurate characterization is 'equitable exception,' because equitable tolling involves different theoretical underpinnings." *Lee*, 653 F.3d at 932 n.5.

United States District Court
Northern District of California

4

"[A] credible showing of 'actual innocence' under *Schlup v. Delo*, 513 U.S. 298 (1995), excuses the statute of limitations period established by [AEDPA]." *Lee v. Lampert*, 653 F.3d 929, 931 (9th Cir. 2011) (en banc). The standard for showing actual innocence is demanding. "Actual innocence" is established when, in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* *Schlup* requires a petitioner "to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial."[3] *Id.*, 513 U.S. at 324. Then a petitioner must show that in light of new evidence it is more likely than not that "no reasonable juror would have convicted him," *id.* at 327, or that "every juror would have voted to acquit him," *Lee*, 653 F.3d at 946 (citing *Schlup*, 513 U.S. at 327) (Kozinski, J. concurring).

A federal habeas petitioner must also tie his actual innocence claim to a constitutional error in the underlying criminal proceedings. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "[S]uch evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *Townsend v. Sain*, 372 U.S. 293, 317 (1963).

Garcia has not established actual innocence. With the exception of the two declarations and the state habeas petition, none of the evidence submitted is *new* reliable

---

[3] "*Schlup* pointed out three types of evidence that would pass the threshold of reliability: exculpatory scientific evidence, trustworthy eyewitness accounts and critical physical evidence. *Id.* By enumerating the categories of evidence that could prove innocence, the Supreme Court made clear that less reliable kinds of evidence cannot support an actual innocence claim." *Lee*, 653 F.3d at 946 (citing *Schlup*, 513 U.S. at 324) (Kozinski, J. concurring).

5

1    evidence, let alone new reliable exculpatory scientific evidence, trustworthy eyewitness
2    accounts, or critical physical evidence. *Schlup*, 513 U.S. at 324. The preliminary hearing
3    transcript, the probation officer's report, and the police report existed prior to Garcia's
4    sentencing.

5    The declarations do not establish actual innocence either. They are nearly identical
6    and tell of being informed by defense counsel Stuart Kirchick that the prosecution had
7    offered Garcia "a 12-year deal":

> However, Mr. Kirchick believed the offer would get better after the preliminary examination. [¶] My sister Virginia and I were told by my son in which he told us [*sic*] that Mr. Kirchick discussed the 12 year offer. Mr. Kirchick advised David not to take the 12 years, because the Attorney Kirchick would get him a better deal. David Garcia was not advised about the 12 year offer would no longer be available after the preliminary examination.

13   (Am. Pet., Dkt. No. 12-1 at 150.) While the declarations (like the state habeas petition) are
14   new, they do not show that it is more likely than not that "no reasonable juror would have
15   convicted him," *Schlup*, 513 U.S. at 327, or that "every juror would have voted to acquit
16   him," *Lee*, 653 F.3d at 946 (citing *Schlup*, 513 U.S. at 327) (Kozinski, J. concurring). The
17   declarations are about the attorney's alleged sentencing strategy, not about guilt or
18   innocence. Similarly, the state habeas petition does not discuss guilt or innocence, but
19   rather defense counsel's allegedly faulty advice regarding sentencing. Also, they are not
20   the sort of evidence — new reliable exculpatory scientific evidence, trustworthy
21   eyewitness accounts, or critical physical evidence — approved by *Schlup*.

22   Garcia's claim is less about actual innocence, which means factual innocence, and
23   more about legal insufficiency. He concedes that he "admitted to having sex with a minor
24   after his arrest," though he denies there was kidnapping or force. (Am. Pet., Petition to
25   State Supreme Court, Dkt. No. 12-1 at 8.)

26   In short, Garcia has not shown he is entitled to an equitable exception to AEDPA's
27   statute of limitations.

**CONCLUSION**

Respondent's motion to dismiss the petition as untimely is GRANTED. (Dkt. No. 14.) The petition is DISMISSED.

A certificate of appealability will not issue. Garcia has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** July 12, 2023



WILLIAM H. ORRICK
United States District Judge